IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA F. SMITH-CHONKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-1301 |
| ) | Judge Nora Barry Fischer |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Amanda F. Smith-Chonko ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of the final determination of the Commissioner of Social Security ("Defendant" or "Commissioner"),[1] denying her application for supplemental security income ("SSI") under the Social Security Act. 42 U.S.C. §§ 1381-1383f. This matter comes before the court on cross-motions for summary judgment. (Docket Nos. 12; 14). The record has been developed at the administrative level. (Docket No. 9-2).[2] For the following reasons, Defendant's Motion for Summary Judgment [14] is DENIED, Plaintiff's Motion for Summary Judgment [12] is GRANTED insofar as it seeks a vacation of the administrative decision under review, and this matter is REMANDED for further consideration by the ALJ.

Plaintiff was born on April 25, 1988, making her twenty-two years old at the time of her October 20, 2010 administrative hearing. (R. at 58-60). She applied for SSI on November 24, 2011 because of her depression, fibromyalgia, arthritis, anxiety, bipolar disorder, as well as her back, neck, and knee pain, claiming a disability onset date of January 1, 2007. (R. at 180, 238).

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit.

[2] Citations to the Record, *hereinafter*, "(R. at __)."

Plaintiff was initially denied benefits on February 5, 2009, and a hearing was scheduled for August 11, 2010. (R. at 82, 122). She appeared that day but asked to postpone the hearing in order to obtain representation, which the Administrative Law Judge ("ALJ") approved. (R. at 50-53). The second hearing was scheduled and Plaintiff appeared with representation on October 20, 2010. (R. at 58, 140). Plaintiff's attorney voiced no objection to admitting all documents in the exhibit file into evidence. (R. at 59). A vocational expert also testified. (R. at 72-75).

On February 23, 2011, the ALJ issued a decision denying benefits to Plaintiff. (R. at 28).[3] The ALJ's decision concluded that Plaintiff suffered from, among other medical conditions, "patellofemoral syndrome" and "chondromalacia patella." (R. at 34). However, in reaching this conclusion, the ALJ relied on medical records of "Amanda L. Smith," an individual who was born on June 22, 1989, was five feet and one inch tall, weighed 146 pounds, smoked half a pack of cigarettes a day, and injured her left knee when playing football. (R. at 485-497).[4] In contrast, Plaintiff was born on April 25, 1988, (R. at 180), was five feet and four inches tall, (R. at 461), weighed 228 pounds, *id.*, did not smoke, (R. at 460, 525), and her knee pain apparently began after she had twisted her right knee and hyperextended her left knee at a fitness camp. (R. 282, 525). Federal district courts have remanded in other cases where it was determined that the ALJ relied upon the medical records of an individual other than the claimant. *See, e.g.*, *Feliciano v. Astrue*, Civ. No. 11-2239, 2012 WL 2992083, at *10 (D.N.J. 2012) (finding that a remand was warranted because incorrect "medical testimony was clearly utilized by the ALJ in finding Plaintiff's main impairment non-severe, … although it should have been disregarded wholesale"); *Bridgeman v. Astrue*, Civ. No. 07-81, 2008 WL 1803619, at *10 (E.D.N.C. Apr. 21,

---

[3] Plaintiff filed a request for review of the ALJ's decision by the Appeals Council, which was denied on July 14, 2012, thereby making the ALJ's decision the final decision of the Commissioner. (R. at 1).
[4] The Court further notes that both counsel in this case cited to these incorrect records in their summary judgment briefs without pointing out the error. (Docket No. 13, at 5; Docket No. 15, at 5-6). The Court brought this to their attention in a telephonic status conference on July 10, 2013. (Docket No. 16).

2008) (remanding case because "it is not clear to what extent the ALJ relied on this [incorrect] record to make his decision" and because "further explanation is needed to determine whether the medical record from the incorrect record was dispositive on the outcome of the case, or whether it was just ancillary evidence that helped support the ALJ's conclusion"). The Court agrees with this approach and takes the same course of action here.

Although the Third Circuit Court of Appeals has indicated that an ALJ's reference to incorrect medical records may qualify as a harmless error, *Melle v. Barnhart*, 64 F. App'x 848, 849 (3d Cir. 2003), the Court finds that the ALJ's reliance on Amanda L. Smith's records in this case has infected the decision with error that cannot be ignored. The ALJ did not find Plaintiff credible because, among other reasons, the evidence in her medical history did not support her claims. (R. at 39). However, it is obvious that the bulk of the medical records—the correct records pertaining to Plaintiff—would not support any finding of "patellofemoral syndrome" and "chondromalacia patella" because Plaintiff was never diagnosed with or treated for these conditions. The ALJ's decision is therefore defective to the extent that Plaintiff was found to be not credible on the basis that there were no other medical records indicating that she had another person's medical ailments. Indeed, a diagnosis of "patellofemoral syndrome" and "chondromalacia patella" appears nowhere else except in the incorrectly included records. As a result, it cannot be fairly said that the ALJ's decision is supported by substantial evidence.

## **ORDER**

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [14] is DENIED, Plaintiff's Motion for Summary Judgment [12] is GRANTED to the extent that she seeks a vacation of the administrative decision under review, and this matter is REMANDED[5] to the Commissioner of Social Security for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   July 17, 2013
cc/ecf:  All counsel of record

---

[5] Counsel for both parties agreed with the Court's analysis and the conclusion that a remand is the appropriate course of action.